UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

REYHAN SHARIF NETTLES,

        Proposed Debtor.

Case No. 23-01108-swd
Chapter 13
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

Proposed debtor Reyhan Nettles ("Proposed Debtor") purported to file a voluntary chapter 13 petition on May 12, 2023, using the court's Electronic Self-Representation ("eSR") software.  Because the Proposed Debtor did not sign the putative petition, however, the Clerk issued a Notice of Defective Filing Regarding Voluntary Petition (ECF No. 1-1, the "Notice").

The Clerk's Notice states that the voluntary petition is "defective because it is not signed in compliance with Fed. R. Bankr. P. 1008 & 9011," and warns that, "[p]ursuant to Fed. R. Bankr. P. 9011(a), and without further notice, the court will strike the petition unless the petition is properly signed and filed with the court within 7 days from the date of the Notice of Bankruptcy Case Filing."

After the Proposed Debtor failed to file a signed petition within the prescribed time, on May 26, 2023 the court entered the Order Terminating Proceeding (ECF No. 13, the "May 26 Order"), which expressed the court's view that an unsigned petition is not a petition, and without a signed petition, there is no bankruptcy case, no bankruptcy estate, no automatic stay.  *See* May 26 Order at p. 1.  Under the circumstances, the court "terminated" the proceeding, and suggested that the Proposed Debtor could file a new petition if necessary.  In other words, the

May 26 Order expressed the court's view that the Proposed Debtor never effectively commenced a case.

Instead of filing a new petition, the Proposed Debtor filed a Motion to Reinstate Chapter 13 Bankruptcy Case (ECF No. 22, the "Motion").  Because he filed the Motion within 14 days after entry of the May 26 Order and is not seeking relief collateral to the merits of the order, the court will treat it as a motion under Fed. R. Civ. P. 59, made appliable here by Fed. R. Bankr. P. 9023.  *See In re New*, Case No. DK 20-03315, 2021 WL 5312478 (Bankr. W.D.  Mich. Feb. 18, 2021).[1]  As grounds for altering or amending the May 26 Order, the Motion recites only that the Proposed Debtor's failure to file a signed petition was inadvertent, that he corrected the defect, and that he sought bankruptcy protection in good faith.

The court will deny the Motion for the following reasons.  First, as set forth in the May 26 Order and noted above, the court's view is that without a signed petition, there is no chapter 13 case to "reinstate."  Instead, the court clearly stated that future bankruptcy protection would depend upon the commencement of a separate proceeding with a new (and signed) petition.  Indeed, the May 26 Order expressly provided for the Clerk's retention of any filing fees to facilitate the new filing.

Second, to the extent the Motion seeks retroactive relief, the court is unwilling to validate the putative petition, *nunc pro tunc* or "now for then."  The United States Supreme Court recently condemned *nunc pro tunc* orders, at least where the orders purport to alter jurisdictional facts. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 699-701 (2020) (a federal court "cannot make the record what it is not").  The court notes, however,

---

[1] The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and the Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.*  In the text of this opinion the court will refer to any rule simply as "Rule __," relying on the numbering conventions within each ruleset to distinguish the references.

that Rule 9011 appears to allow courts, inferentially and in a limited way, to "make the record what it is not" by providing that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."  Fed. R. Bankr. P. 9011(a) (applicable to a bankruptcy petition "and other paper").  Here, the court's website advises debtors who pursue eSR that "[a]n originally signed Voluntary Petition and Declaration Regarding Electronic Filing (eSR) form must be delivered to the U.S. Bankruptcy Court for the Western District of Michigan within 7 days from the date of the Notice of Bankruptcy Case Filing." https://www.miwb.uscourts.gov/how-esr-works.  Moreover, the Notice the Clerk issued on the original filing date expressly granted the Proposed Debtor a week to correct the omission.  He did not do so within that time and offered no reason for the delay.

Instead, the Proposed Debtor attempted to correct the omission three weeks after the petition date, hoping to validate as jurisdictionally significant the filing of his unsigned petition, with all that that entails.[2]  The court regards the relief requested in the Motion as inconsistent with *Roman Catholic Archdiocese of San Juan* and the limited retroactivity that Rule 9011(a) (as applied in this case) will tolerate.

Third, the mere citation of the Proposed Debtor's inadvertence and good faith, without more, does not warrant reconsideration of the May 26 Order under Rule 9023, even if reconsideration lacked the jurisdictional significance that would follow from reinstatement.  This is particularly so where that very order charts a course for bankruptcy relief with the filing of a new petition, free from the consequences that would otherwise attach to a serial filer under 11

---

[2] The filing of a voluntary petition invokes or initiates the court's *in rem* jurisdiction over the property of the estate, an event of considerable jurisdictional significance.  28 U.S.C. § 1334(e).  It also operates *in personam* as an injunction against collection activity under 11 U.S.C. § 362(a).  These jurisdictional impacts of granting the Motion cause the court to hesitate, especially after *Roman Catholic Archdiocese of San Juan*.  The Proposed Debtor asked the court staff to schedule an immediate hearing on the Motion because of an imminent repossession.  A new (signed) petition, on the other hand, would address the Proposed Debtor's immediate concerns as effectively and without raising the doubts and confusion associated with *nunc pro tunc* relief.

U.S.C. § 362(c)(3) or (c)(4).  Simply put, the Motion offers no grounds for the court to exercise whatever discretion it has to order reinstatement under the circumstances.

Finally, because the Bankruptcy Code and rules measure many important filing deadlines and limitation periods from the "order for relief" or "petition date," reinstatement of this proceeding runs the risk of sewing confusion and inviting prejudice, for the Putative Debtor and his creditors. For example, Rule 3002 provides a very small window for filing claims (70 days from the order for relief), and if the court reinstates the case nearly a third of that time has already elapsed.  The preference period and other important deadlines under chapter 5 also run from the petition date or order for relief.  *See* 11 U.S.C. §§ 546 (various limitation periods for avoidance actions), 547(b)(4) (90-day preference period measured from petition date); Fed. R. Bankr. P. 3002(c) (deadline for filing proofs of claim).  The court intends to eliminate, not catalogue, the possibilities for confusion and litigation that reinstatement could invite.

The court does not doubt the Proposed Debtor's good faith and desire to prosecute his case to a successful conclusion, only the wisdom of reinstating a petition that, as the court has already determined, failed to invoke the court's jurisdiction.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED without prejudice to re-filing a voluntary petition as contemplated in the May 26 Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Rule 9022 upon the Debtor, Barbara P. Foley, Esq., all parties requesting notice of these proceedings, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 5, 2023**

Scott W. Dales
United States Bankruptcy Judge